■ In the Matter of 542 TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [634 NYS2d 96] —Determination of respondent State Liquor Authority dated April 13, 1994, suspending petitioner's on-premises liquor license for 40 days and imposing a $1,000 bond forfeiture, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Fern Fisher-Brandveen, J.], entered July 25, 1994) is dismissed, without costs.

Substantial evidence that petitioner on three separate occasions sold alcoholic beverages to persons it knew or had reason to know were under 21 was provided, with respect to the first occasion, by the testimony of the police officer who witnessed the sale and verified the age of the customers, with respect to the second occasion, by the testimony of the underage customers and the police officer who witnessed the sale, and with respect to the third occasion, by the testimony of the underage police agent and the police officers who engaged him. The testimony of petitioner's bartenders that they did not sell any alcoholic beverages to any customers without following the procedure petitioner had in place for checking and verifying identification raised issues of credibility that are for respondent to resolve (*see, Matter of Stork Rest. v Boland*, 282 NY 256, 267). The penalty is commensurate with an offense committed on three separate occasions within 25 days (*cf., O.F.B.,*

*Inc. v New York State Liq. Auth.*, 212 AD2d 373). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.